El Pueblo de Puerto Rico, demandante y apelado, *v.* Enrique Rivera Vázquez, acusado y apelante.

Núm. 9808.—*Sometido:* Febrero 10, 1943. *Resuelto:* Marzo 9, 1943.

*F. Pérez Regis*, abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo*, abogado de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El acusado ha apelado de una sentencia declarándolo convicto de infringir la sección 4, Ley núm. 25, Leyes de Puerto Rico, 1935, Segunda Sesión Extraordinaria. Esta sección establece como delito criminal el que cualquiera persona, sea "sorprendida portando o conduciendo cualquier papeleta, billete, *ticket*, libreta, lista de números o implementos, a sabiendas de que se utilizan o están utilizando para los juegos ilegales de la 'bolita', '*boli-pool*', combinaciones clandestinas relacionadas con los '*pools*' de los hipódromos de Puerto Rico, y loterías clandestinas; . . . ".

No se niega el hecho de que cuando el acusado fué sorprendido portaba sobre su persona 73 boletos de una lotería que se jugaba de acuerdo con las últimas tres cifras del pre-

mio mayòr de la lotería de Santo Domingo. La acusación que alegaba estos hechos fué suficiente para establecer el delito aquí imputado. *Pueblo* v. *Fontana,* 16 D.P.R. 656, 58; *Pueblo* v. *Del Moral, et al.,* 16 D.P.R. 653.

■ No podemos convenir con la contención del acusado de que la corte inferior cometió error al pesar la prueba. Sin hacer referencia alguna a la prueba del Pueblo, la del acusado por sí sola en cuanto a los hechos arriba expuestos fué suficiente para justificar una convicción. La teoría del acusado en este caso está predicada en el argumento de que no hubo prueba de la cual se pudiera inferir que el acusado se dedicaba a vender boletos de una lotería clandestina. Pero ése no es el delito aquí imputado. Lo único que la corte tenía que resolver era si el acusado a sabiendas portaba tales boletos, y así fué plenamente establecido por la prueba.

■ El Fiscal de este Tribunal admite que la corte inferior cometió error al ordenar que la suma de $90.62 en efectivo que portaba el acusado cuando se le sorprendió debería ingresar al Tesoro Insular, toda vez que nada hay en la prueba que demuestre relación alguna entre la portación de este dinero por el acusado y el delito de portar boletos de lotería.

La sentencia de la corte de distrito será modificada en el sentido de ordenar la devolución al acusado del dinero aquí confiscádole. *Así modificada, la sentencia será confirmada.*